| WILLIAM S. WALKER | * | NO. 2022-CA-0763 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| ANCO INSULATIONS, INC., ET AL. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-07060, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
**On Application for Rehearing**

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase)

David Ryan Cannella
Kristopher L. Thompson
Christopher C. Colley
Benjamin Rumph
BARON & BUDD, P.C.
909 Poydras Street, Suite 2100
New Orleans, LA 70112

     COUNSEL FOR PLAINTIFF/APPELLEE

Madeleine Fischer
Ryan E. Johnson
JONES WALKER LLP
201 St. Charles Avenue
51st Floor
New Orleans, LA 70170-5100

Stephen N. Elliott
Michael R. Denton
BERNARD, CASSISA, ELLIOTT & DAVIS
3838 N. Causeway Blvd.
Suite 3050
Metairie, LA 70002

COUNSEL FOR DEFENDANT/APPELLANT

**REHEARING GRANTED FOR THE LIMITED PURPOSE OF CORRECTION OF CLERICAL ERRORS; APPELLATE JUDGMENT OF MAY 3, 2023 MAINTAINED**
**MAY 30, 2023**

TG
C

Appellant, Level 3 Holdings, Inc. f/k/a Peter Kiewit Co. (hereinafter "Level 3") petitions this Court for a rehearing of our May 3, 2023 opinion, which affirmed the trial court's judgment in favor the plaintiff, William Walker (hereinafter "Mr. Walker"). Based on Level 3's application for rehearing, we hereby grant a limited rehearing for the sole purpose of correcting two clerical errors.

Level 3 submits four errors; however, we find only two errors merit consideration. First, Level 3 submits that this Court erred in citing to a 2001 affidavit and deposition of Robert Maracek (hereinafter "Mr. Maracek"). Second, Level 3 avers that this Court erred by stating that Mr. Maracek referenced a 1936 National Security Council document (hereinafter "the NSC documents"). We will address each issue separately.

The appellate court record contains a 2001 affidavit of Mr. Maracek. The only document contained in this Court's record is Mr. Maracek's affidavit, not a deposition. Thus, this Court made a clerical error by referencing Mr. Maracek's

1

deposition. We note that the clerical insertion of the word "deposition" is not germane to the merits of this case.

Level 3 also avers this Court erred in referring to the NSC documents from 1936. Level 3 points out that the record does not include a single NSC document from the year 1936. We agree. The numbers 36 were transposed and should reflect 63. The original opinion should refer to the NSC documents from the year 1963 rather than 1936.

Accordingly, we amend our May 3, 2023 opinion to reflect that only Mr. Maracek's 2001 affidavit is contained in the record and that the NSC documents were from the year 1963. In all other respects, our original opinion is affirmed.

**REHEARING GRANTED FOR THE LIMITED PURPOSE OF CORRECTION OF CLERICAL ERRORS; APPELLATE JUDGMENT OF MAY 3, 2023 MAINTAINED**
**MAY 30, 2023**